## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

**JEANIE M. ANDERSON**
6675 Moon Road
Ridgeway, WI 53582,

        Plaintiff,

v.

**LANDS' END, INC.**
One Lands' End Lane
Dodgeville, WI 53595,

        Defendant.

Case No.: 19-cv-47

## COMPLAINT

Plaintiff, Jeanie M. Anderson, through her attorneys, Hawks Quindel, S.C. by Aaron N. Halstead and Amanda M. Kuklinski, for her Complaint against Defendant, Lands' End, Inc., states as follows:

### NATURE OF PROCEEDINGS

1.     Plaintiff, Jeanie M. Anderson, brings this action under the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act, Amendments Act of 2008 and alleges discrimination based on her disability.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims arise under the Americans with Disabilities Act and Amendments Act of 2008.

3.     Venue is proper in the Western District of Wisconsin under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this District and because the Defendant operates its business in this District.

4.     This Court has personal jurisdiction over Defendant because it is located within the Western District of Wisconsin, and because the claims set forth herein arise, in substantial part, from events that occurred in this District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Plaintiff filed a timely Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on March 20, 2017, within three hundred (300) days after the unlawful employment practices occurred.

6.     On October 25, 2018, upon Plaintiff's request, the EEOC issued a Notice of Right to Sue. This action is brought within ninety (90) days after receipt of said Notice. A true and correct copy of the Right to Sue letter is attached hereto as **Exhibit A**.

## PARTIES

7.     The Plaintiff, Jeanie M. Anderson ("Anderson") is an adult resident of the State of Wisconsin and resides at 6675 Moon Road, Ridgeway, Wisconsin.

8.     The Defendant, Lands' End, Inc. ("Lands' End") is a foreign business corporation, and its principal place of business is One Lands' End Lane, Dodgeville, Wisconsin.

9.     At all times material to this Complaint, Anderson was an "employee" of Defendant within the definition of the Americans with Disabilities Act ("ADA").

## FACTUAL ALLEGATIONS

10.    Anderson began her employment with Lands' End in 1982.

11.    Throughout her employment at Lands' End, Anderson held a number of different positions, including Photography Coordinator, Marketing Project Assistant, Advertising Coordinator, and Executive Assistant.

12.    Beginning in 2008 and at all times relevant to this Complaint, Anderson held the position of Product Development Process and Technology Coordinator.

13.    Anderson's position as Product Development Process and Technology Coordinator was a sedentary position which consisted largely of providing software support for Lands' End employees and vendors, including creating training materials, onboarding new users, and acting as technical support.

14.    In early 2015, Anderson developed multiple cysts in her right wrist due to overuse.

15.    On August 18, 2015, Anderson scheduled surgery for November 9, 2015 to remove the cysts in her right wrist.

16.    On November 5, 2015, Dr. Jonathan Tueting ("Dr. Tueting") performed surgery to remove multiple cysts from Anderson's right wrist.

17.    Anderson returned to work on November 9, 2015 in a cast.

18.    Shortly thereafter, Lands' End began to criticize the efficiency of Anderson's work.

19.    Because of her high workload and pressure from Lands' End for her to be more productive, Anderson overworked her wrist and it did not heal properly.

20.     On November 17, 2015, Dr. Tueting restricted Anderson to no use of her right hand for keyboarding or mouse work, and a limit of six hours of work per day.

21.     Anderson was off work from December 14, 2015 through February 22, 2016 due to her right wrist condition.

22.     Anderson returned to work on February 23, 2016 for two hours per day, with instructions from Dr. Tueting to gradually increase her hours.

23.     On February 24, 2016, Anderson was called to a meeting with a human resources representative, Kris Raess ("Raess"), and her manager, Cathy Kovacs ("Kovacs").

24.     In this meeting, Raess and Kovacs informed Anderson that her work restrictions would not allow her to be productive enough to perform her job, and placed her on an indefinite leave of absence.

25.     Throughout her leave of absence, Anderson kept Lands' End informed of her restrictions.

26.     On or before March 3, 2016, Anderson proposed an accommodation of voice activation software which would allow her to use her computer with minimal typing.

27.     On or about April 7, 2016, Lands' End informed Anderson that it had researched voice activation software, but that it was not an "efficient and effective way for [Anderson] to do [her] job," particularly because Anderson's restrictions appeared to be temporary.

28.   On May 9, 2016, Ms. Anderson submitted a formal Reasonable Accommodation Request Form to Lands' End requesting voice activation software to limit her typing, which would allow her to return to her position.

29.   Attached to this request was a note from Dr. Tueting dated May 9, 2016, in which he indicated that Anderson could use her right hand only minimally for writing and typing and may return to work part-time with gradually increasing hours until she returned to full-time work in four weeks, at which time she could "increase right hand use with [writing] and typing as tolerated."

30.   In his May 9, 2016 letter, Dr. Tueting also suggested an accommodation of voice activation software.

31.   On May 13, 2016, Lands' End requested additional information from Dr. Tueting about Anderson's restrictions, which he provided on June 6, 2016.

32.   As of June 6, 2016, Dr. Tueting indicated he did not yet know whether Anderson's restrictions would be permanent.

33.   On or about July 15, 2016, Lands' End called Anderson to inform her that it filled her position and it did not believe she could perform the essential functions of her position, with or without accommodations.

34.   On or about September 6, 2016, Raess informed Anderson that she could remain on leave for up to one year total, at which time Lands' End may terminate her.

35.   On September 12, 2016, Dr. Tueting provided permanent restrictions as follows: minimal use of the right hand for writing and typing not to exceed ten

5

minutes in an hour, no lifting with the right hand only, twenty pounds lifting with both hands, and no repetitive gripping, squeezing, or twisting with the right hand. He also advised that she would need a gradual return to work in order to build up her tolerance for work.

36.     Anderson provided Lands' End her permanent restrictions on or about September 12, 2016.

37.     On September 15, 2016, Lands' End informed Anderson that it could not match any currently available positions with her restrictions, in part because Lands' End's voice activation software was not sufficiently accurate.

38.     Lands' End did not suggest any alternative accommodations.

39.     Anderson has been on unpaid leave from Lands' End since February 24, 2016, despite numerous attempts to return in various positions.

40.     To date, Lands' End has not terminated Anderson's employment.

41.     Since September 15, 2016, Anderson has applied for over ninety (90) open positions with Lands' End.

42.     Of the jobs Anderson has applied for, she received only two phone interviews and zero job offers.

43.     As to each position for which Anderson applied, Lands' End considered her as an outside applicant, rather than an existing employee seeking a transfer.

44.     On or about January 2, 2017, Anderson applied for an open position of Executive Assistant.

45.     Anderson was not hired for this position despite being qualified for same and having held the title of Executive Assistant at Lands' End from 1999 through 2008.

46.     Instead, Lands' End hired an external candidate for the Executive Assistant position.

47.     On January 10, January 13, and February 13, 2017, Anderson applied for several open positions as a Sales Training Specialist.

48.     Anderson was qualified for the position of Sales Training Specialist.

49.     Lands' End filled the Sales Training Specialist position with an external hire.

50.     On or about December 19, 2016, Anderson applied for an open position as a Program Specialist.

51.     Anderson was qualified for the position of Program Specialist.

52.     Anderson was selected for an interview but was not hired for a Program Specialist position.

53.     Instead, Lands' End hired five external candidates for Program Specialist positions.

54.     On or about April 17, 2017, Anderson applied for an open position as Merchandising Assistant.

55.     Anderson was interviewed for the position on May 9, 2017, but was not offered the job.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT
## OF 1990 AND THE AMERICANS WITH DISABILITIES ACT,
## AMENDMENTS ACT OF 2008

56.    Anderson re-alleges and incorporates herein the above paragraphs.

57.    Anderson's right wrist condition is a disability as defined by section 12102 of the Americans with Disabilities Act of 1990 and the Americans with Disabilities Act, Amendments Act of 2008.

58.    Anderson was qualified to perform her position of Product Development Process and Technology Coordinator with reasonable accommodations.

59.    Defendant failed to provide a reasonable accommodation of Anderson's disability which would have allowed her to continue working as Product Development Process and Technology Coordinator, including but not limited to voice activation software or a one-handed keyboard.

60.    Alternatively, Defendant failed to provide a reasonable accommodation of transferring Anderson into another open position for which she was qualified.

61.    Anderson suffered an adverse employment action in the form of an indefinite leave of absence.

62.    Defendant failed to return Anderson to work in a position for which she was qualified, in violation of the Americans with Disabilities Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jeanie M. Anderson, respectfully requests judgment against Defendant and prays for the following relief.

A.  Damages equal to the amount of wages, salary, employment benefits, and other compensation denied or lost to Anderson by reason of Defendant's failure to return her to work, together with interest thereon;

B.  Compensatory damages for past and future pecuniary losses resulting from the unlawful employment practices, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation;

C.  Punitive damages for Defendant's malicious and reckless conduct described above;

D.  Anderson's costs of this action, reasonable attorney's fees and reasonable expert witness fees; and

E.  Such other legal and equitable relief as the Court deems just and proper, including, but not limited to, reinstatement to the position in which Anderson would now be employed but for Defendant's unlawful actions.

Dated this 17th day of January, 2019.

HAWKS QUINDEL, S.C.
*Attorneys for Plaintiff, Jeanie M. Anderson*


By:_____*/s/ Amanda M. Kuklinski*_____
Aaron N. Halstead, State Bar No. 1001507
Email: ahalstead@hq-law.com
Amanda M. Kuklinski, State Bar No. 1090506
Email: akuklinski@hq-law.com
409 East Main Street
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone: (608) 257-0040
Facsimile: (608) 256-0236